**Raymond T. BOWSER, Appellant,**

v.

**PMX INDUSTRIES, INC., Appellee.**

No. 94–1128.

Court of Appeals of Iowa.

Feb. 2, 1996.

Donald L. Carr II, of Smith, Schneider, Stiles, Hudson, Serangeli, Mallaney, Shindler & Scalise, P.C., Des Moines, for appellant.

Kevin H. Collins and James D. Hodges of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

Heard by SACKETT, P.J., HUITINK, J., and SCHLEGEL, Senior Judge.*

SCHLEGEL, Senior Judge.

Thomas Raymond Bowser filed a wrongful termination action against his former employer, PMX Industries, Inc. Count I of the petition alleged PMX breached an oral employment contract. Count II alleged Bowser was the subject of a retaliatory discharge in violation of Iowa public policy.

At the close of Bowser's case, the court dismissed Count II finding none of Bowser's complaints related to a public policy recognized by the Iowa courts. The jury found in Bowser's favor on the contract claim and awarded him the requested damages. PMX moved for judgment notwithstanding the verdict or for new trial. The court granted PMX's motion for judgment notwithstanding the verdict finding there was insufficient evidence to support finding an oral contract between the parties. The court then denied PMX's motion for new trial.

Bowser appeals. Bowser argues the trial court erred in granting PMX's motion for judgment notwithstanding the verdict. Bowser claims there was sufficient evidence to support the jury's verdict. He claims the evidence indicates his employer asked him to relocate from Los Angeles, California, to Cedar Rapids, Iowa, to start up a new brass and copper plant. According to Bowser, during discussions about the relocation, PMX's president told Bowser his employment in Cedar Rapids would last at least five years. Bowser would allegedly receive the same salary and at least the same level of benefits as he received in California and he would also receive the cost of relocating him and his family.

PMX argues the judgment notwithstanding the verdict was proper because there was insufficient evidence to support finding an express contract for employment. In the alternative, PMX claims the trial court erred in failing to grant its motion for new trial based upon the improper exclusion of evidence rebutting Bowser's retaliatory discharge claim.

To prove an oral contract, the terms must be sufficiently definite for a court to determine with certainty the duty of each party and the conditions relative to performance. *Burke v. Hawkeye Nat. Life Ins. Co.*, 474 N.W.2d 110, 113 (Iowa 1991) (citing *Severson v. Elberon Elevator, Inc.*, 250 N.W.2d 417, 420 (Iowa 1977); *Netteland v. Farm Bureau Life Ins. Co.*, 510 N.W.2d 162, 165 (Iowa App.1993)). The questions of whether an oral contract existed and whether it was breached are ordinarily for the trier of fact. *Netteland*, 510 N.W.2d at 165.

In reviewing a motion for judgment notwithstanding the verdict, our review is for the correction of errors of law. *Id.* We consider whether the evidence, taken in the light most favorable to the nonmoving party, shows the movant was entitled to a directed verdict at the close of all the evidence. *McGough v. Gabus*, 526 N.W.2d 328, 334 (Iowa 1995). When reviewing a ruling granting such a motion, we look to see whether the evidence on an issue was sufficient to generate a jury question. *Id.* In this case, the trial court found the evidence presented at trial fell short of that necessary to justify submitting the case to the jury. We agree.

First, it is apparent Bowser was aware he did not have an employment contract with PMX. The evidence is undisputed that none of PMX's employees, from top to bottom, ever had an employment contract other than one of employment at will. This was confirmed by the president and vice president of PMX as well as by Bowser himself. Bowser stated, "I wanted a contract, but it was something Chung didn't—wouldn't—the Chairman would not have allowed him to do that." Bowser was fully aware that he would not be given an employment contract. In fact, the employment application which Bowser filled out *after* the alleged oral contract arose provided, "I understand and agree that my employment is for no definite period and may, regardless of the date of payment of my wages and salary be terminated at any time without any previous notice."

* Senior judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

Second, there is insufficient evidence concerning the time frame of the alleged oral contract. Although Bowser claims he was given at least a five-year term of employment, in Bowser's words, the time frame was merely "an estimate" and was the time it would take to get the mill operational. Furthermore, immediately after Bowser testified the employment contract was for at least five years, he clearly stated he knew PMX would not give him an employment contract. As such, Bowser failed to establish a definite time period for employment.

Lastly, there is insufficient evidence establishing the other terms of employment such as salary, salary increases, employee benefits, retirement plan, and employment duties. Bowser only testified about the salary he received upon working in Cedar Rapids. He failed to show there was any offer concerning a specific salary or that a certain salary was guaranteed for a specific time period. Although Chung stated the employees moving from California to Cedar Rapids would receive parallel salary and moving expenses, this was merely the result of Bowser's Pan Metal employment being ongoing. Furthermore, with respect to benefits, Bowser could only state his benefits would be better than those he was currently receiving at his California position.

We conclude there was insufficient evidence of the necessary elements to establish the existence of an oral contract. As such, the trial court did not err in setting aside the jury verdict. We affirm.

**AFFIRMED.**